# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN HOURIGAN,                          :
                                          :
        Plaintiff,               :
                                          :
    v.                            :  **Case No.: 2:21-cv-1646**
                                          :
SAVE YOUR DAY ROADSIDE                    :
RESCUE, LLC, and RONALD HAYES,            :
        Defendant.               :  **COMPLAINT IN CIVIL ACTION**
                                          :
                                          :

Filed on Behalf of Plaintiff:
Justin Hourigan

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:      (412) 540-3399
E-mail:       jward@jpward.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUSTIN HOURIGAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No.: 2:21-cv-1646** |
| | : | |
| **SAVE YOUR DAY ROADSIDE** | : | |
| **RESCUE, LLC and RONALD HAYES,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Justin Hourigan by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint against Defendants, Save Your Day Roadside Rescue, LLC and Ronald Hayes, of which the following is a statement:

## PARTIES

1.      Plaintiff, Justin Hourigan (hereinafter "Mr. Hourigan"), is an adult individual who currently resides at 325 Kertis Avenue, New Kensington, Pennsylvania 15068.

2.      Defendant, Save Your Day Roadside Rescue, LLC (hereinafter "Save Your Day"), is a company incorporated at 139 ½ North Harrisburg Street, Steelton, Pennsylvania 17113.

3.      Defendant, Ronald Hayes, (hereinafter "Mr. Hayes") is an adult individual who currently resides at 2456 Malden Avenue, Norfolk, VA 23518.

1

## JURISDICTION AND VENUE

4.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (hereinafter "the FLSA"), the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. §333.101, *et seq.* (hereinafter "the PMWA"), and the Wage Payment and Collection Law 43 P.S. §260.1 *et seq.* (hereinafter "WPCL").

5.      This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

6.      A substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

7.      Mr. Hourigan began his employment with Save Your Day on or about March 1, 2020.

8.      At all times relevant hereto, Save Your Day is owned and operated by Mr. Hayes.

9.      Mr. Hourigan was employed at Save Your Day as a Roadside Service Technician.

10.     Mr. Hourigan's compensation was structured such that Mr. Hourigan earned an hourly rate of $12 per hour if he was successful per towing assignment or $7 per hour if his assignment was ultimately unsuccessful.

11.     Mr. Hourigan owned his own truck for his work with Save Your Day and was highly qualified to perform the duties of this position.

12.     Mr. Hourigan was responsible for paying the expenses and depreciation on his own truck.

13.     Upon Mr. Hourigan's employment with Save Your Day, Mr. Hourigan was told by Mr. Hayes that he must answer and attend all calls *regardless* of time or distance from his home.

14.     Mr. Hourigan was subjected to working conditions that included 18-hour days with no overtime payment and driving approximately 200 miles per day.

15.     Defendants improperly classified Mr. Hourigan as an independent contractor and exempt from overtime compensation. Upon information and belief, Defendants improperly classified Mr. Hourigan in order to avoid compensating Mr. Hourigan for overtime-eligible hours Mr. Hourigan accrued.

16.     On or about July 24, 2020, Mr. Hourigan was terminated from his position with Save Your Day, by Mr. Hayes, because Mr. Hourigan's truck ceased operation and he was unable to obtain a rental truck.

## COUNT I
**DEFENDANT RONALD HAYES IS INDIVIDUALLY LIABLE FOR VIOLATIONS OF THE FLSA, PMWA AND WPCL PURSUANT TO THE PARTICIPATION THEORY.**
**(Pled in Connection with Count II, Count III and Count IV).**

17.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

18.     The courts of this Commonwealth have long recognized the "participation theory", whereby, a corporate officer or representative who participates in wrongful, injury-producing conduct can be personally liable, that is, individually liable for torts committed while acting within the scope of his or her employment by the corporation. *Loeffler v. McShane*, 539 A.2d 876 (Pa.Super. 1988); *Moy v. Schreiber Deed Sec. Co*., 535 A.2d 1168 (Pa.Super. 1988); *Amabile v.*

*Auto Kleen Car Wash*, 376 A.2d 247 (Pa.Super. 1977); *Tayar v. Camelback Ski Corp., Inc*., 957 A.2d 281 (Pa.Super. 2008).

19.     An officer cannot shield himself or herself behind a corporation when he or she is an actual participant in the tort. *Donsco, Inc. v. Casper Corp*., 587 F.2d 602 (3d Cir. 1978).

20.     Moreover, the fact that a corporation may be vicariously or secondarily liable under the doctrine of respondeat superior does not relieve the individual of his or her responsibility. An action against such individual may exist even though the agent or officer derived no personal benefit, but acted on behalf of, and in the name of, the corporation and the corporation alone was enriched by the act. *Shonberger v. Oswell*, 530 A.2d 112 (Pa.Super. 1987); *Kaites v. Com. of Pa., Dept. of Environmental Resources*, 529 A.2d 1148 (Pa.Commw. 1987).

21.     There is a distinction between liability for individual participation in a wrongful act and an individual's responsibility for any liability-creating act performed behind the veil of a sham corporation; when the court pierces the corporate veil, the owner is liable because the corporation is not a bona fide independent entity and therefore its acts are truly the owner's, while under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. *Shay v. Flight C Helicopter Services, Inc*., 822 A.2d 1 (Pa.Super. 2003).

22.     Plaintiff has asserted a cause of action sounding in tort pursuant to the FLSA, PMWA, and WPCL seeking compensation and redressing Defendants, both corporate and individual.

WHEREFORE, Plaintiff, Justin Hourigan, respectfully requests this Honorable Court enter judgment in his favor and against Defendant, Save Your Day Roadside Rescue, LLC and Defendant, Ronald Hayes, and enter any and all wages, including base pay and overtime pay, due to Plaintiffs, as well as attorney's fees and liquidated damages as authorized by Defendants'

violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum

Wage Act, 43 Pa. Stat. Ann. § 333.101, *et seq*, and the Wage Payment and Collection Law 43 P.S.

§ 260.1 *et seq*.

## COUNT II
### FAILURE TO PAY OVERTIME IN VIOLATION OF
### THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*

23.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully

set forth at length herein.

24.     Under the Fair Labor Standards Act (hereinafter "FLSA"), an employer is

prohibited from employing an employee for a workweek "longer than forty hours unless such

employee receives compensation" for hours worked more than the specified forty hours. 29 U.S.C.

§207(a)(1).  This rate must be at a rate "not less than one and one-half times the regular rate at

which [the employee] is employed." *Id.*

25.     When a plaintiff seeks to establish a "plausible" overtime claim under the FLSA,

she must "sufficiently allege [forty] hours of work in a given workweek as well as some

uncompensated time in excess of the [forty] hours. *Bansept v. G & M Automotive*, 434 F. Supp.

3d 253, 258 (E.D. Pa. 2020) (quoting *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir.

2014)).

26.     The plaintiff is also required to "connect the dots between bare allegations of a

'typical' forty-hour workweek and bare allegations of work completed outside of regularly

scheduled shifts," so that "allegations concerning a typical forty-hour work week include an

assertion that the employee worked additional hours during such a week." *Rosario v. First Student*

*Mgmt., LLC,* 2016 U.S. Dist. LEXIS 108172 at *20 (E.D. Pa. 2016).

27.     Plaintiff is an "employee" as defined by 29 U.S.C. §203(e)(1) of the FLSA.

28.     Defendants are "employers" as defined by 29 U.S.C. §203(d) of the FLSA.

29.     Defendants mischaracterized Mr. Hourigan's employment status as an independent contractor rather than as an employee.

30.     State and federal courts within the Commonwealth of Pennsylvania consider numerous factors in determining whether an individual is an independent contractor, including but not limited to:

> the control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time.

*Est. of Accurso v. Infra-Red Services, Inc.*, 805 Fed. Appx. 95, 100 (3d Cir. 2020) (unpublished) (citing to *Morin v. Brassington*, 871 A.2d 844, 849–50 (Pa. Super. Ct. 2005); *Lynch v. Workmen's Comp. Appeal Bd. (Connellsville Area Sch. Dist.)*, 554 A.2d 159, 160 (1989)).

31.     In addition to considering the unique facts and circumstances of each case coupled with the abovementioned factors, it is well-established that "the 'paramount' factor is the right to control the manner in which the work is accomplished." *Id*.; see also, *Universal Am–Can, Ltd. v. Workers' Comp. Appeal Bd.*, 762 A.2d 328, 333 (2000).

32.     Mr. Hourigan was effectively without the right to control his employment as he was required to answer and attend all calls regardless of time or distance from his home. Mr. Hourigan was subjected to working conditions that included 18-hour days with no overtime payment and regularly drove approximately 200 miles per day.

33.     Furthermore, Mr. Hourigan does not qualify as an independent contractor because he did not have "control over the manner in which work was performed." *Boyle v. Municipal Authority of Westmoreland County*, 796 A.2d 389 (Pa. Cmwlth. 2002). Additionally, Mr. Hourigan

did not hold "responsibility for result only," but was required to answer and attend *all* calls at the direction of his supervisor. *Id.*

34.     Therefore, Mr. Hourigan does not qualify as an FSLA-exempt employee.  29 U.S.C. §213(a).

35.     Mr. Hourigan was required to work 18-hour days with no overtime payment was to travel nearly 200 miles per day, throughout his employment with Defendant.

36.     Defendants failed to compensate Mr. Hourigan at a rate "not less than one and one-half times" his base rate of pay for the hours worked per week over forty. 29 U.S.C. §207(a)(1).

37.     As a result, Mr. Hourigan was not paid by Defendants for the overtime hours he worked in violation of 29 U.S.C. §207(a)(1).

38.     Upon information and belief, Defendants willfully and intentionally mischaracterized Mr. Hourigan's employment status as independent contractor rather than employee in order to avoid compensating him at a lawful pay rate for overtime hours worked.

39.     Pursuant to the FLSA, once a plaintiff establishes a right to payment "of their… unpaid overtime compensation," liquidated damages in an "additional equal amount" is warranted. 29 U.S.C. § 216(b).

40.     Furthermore, the FLSA's liquidated damages provisions "is not penal in nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Andrews v. Cross Atlantic Capital Partners, Inc.*, 158 A.3d 123, 134 (Pa. Super. 2017) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

41.     As a direct and proximate result of the aforementioned conduct, Mr. Hourigan suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, Mr. Hourigan, respectfully requests this Honorable Court enter judgment in his favor and against Defendant, Save Your Day Roadside Rescue, LLC and Defendant, Ronald Hayes, and enter any and all wages due to Plaintiff, in excess of arbitration limits, as well as costs and attorney's fees and liquidated damages pursuant to 29 U.S.C.S. §216(b) of the Fair Labor Standards Act.

**COUNT III**
**FAILURE TO PAY OVERTIME IN VIOLATION OF**
**THE PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.101, *et seq.***

42.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

43.     The Pennsylvania Minimum Wage Act (hereinafter "PMWA") states that overtime pay is required "for hours in excess of forty hours in a workweek. 43 P.S. §333.104(c).  Further, the PMWA requires the same time and a half payments for "all hours worked past 40 in a week." *Ellis v. Edward D. Jones & Co., L.P.,* 527 F. Supp. 2d 439, 452 (W.D. Pa. 2007) (citing 29 U.S.C.S. 207(a), 43 P. S. 333.104(c)).

44.     Because the PMWA parallels the FLSA in "requiring employers to compensate their employees for overtime hours work, and has an identical standard of liability as the FLSA in overtime claims," courts analyze PMWA claims and FLSA claims under the same framework. *Rummel v. Highmark, Inc.*, 2013 U.S. Dist. LEXIS 162757 at *9 (W.D. Pa. 2013) (citing *Alers v. City of Philadelphia,* 919 F. Supp. 2d 528, 557-60 (E.D. Pa. 2013)).

45.     Thus, "plaintiff-employees asserting PMWA violations must substantiate their claims by demonstrating that they performed work for which they were not paid . . . and that the defendant-employer had actual or constructive knowledge of the plaintiff's overtime work." *Alers v. City of Philadelphia*, 919 F. Supp. 2d at 560 (E.D. Pa. 2013).

46.     Mr. Hourigan was required to work 18-hour days with no overtime payment and drive nearly 200 miles per day, throughout his employment with Defendants.

47.     Defendants failed to compensate Mr. Hourigan at a rate "not less than one and one-half times" his base rate of pay for the hours worked per week over forty in violation of 43 P.S. §333.104(c).

48.     Upon information and belief, Defendants willfully and intentionally mischaracterized Mr. Hourigan's employment status as independent contractor rather than employee in order to avoid compensating him at a lawful pay rate for overtime hours worked.

49.     State and federal courts within the Commonwealth of Pennsylvania consider numerous factors in determining whether an individual is an independent contractor, including but not limited to:

> the control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time.

*Est. of Accurso v. Infra-Red Services, Inc.*, 805 Fed. Appx. 95, 100 (3d Cir. 2020) (unpublished) (citing to *Morin v. Brassington*, 871 A.2d 844, 849–50 (Pa. Super. Ct. 2005); *Lynch v. Workmen's Comp. Appeal Bd. (Connellsville Area Sch. Dist.)*, 554 A.2d 159, 160 (1989)).

50.     In addition to considering the unique facts and circumstances of each case coupled with the abovementioned factors, it is well-established that "the 'paramount' factor is the right to

control the manner in which the work is accomplished." *Id*.; see also, *Universal Am–Can, Ltd. v. Workers' Comp. Appeal Bd.*, 762 A.2d 328, 333 (2000).

51.    Mr. Hourigan was effectively without the right to control his employment as he was required to answer and attend all calls regardless of time or distance from his home.

52.    Additionally, Mr. Hourigan was subjected to working conditions that included 18-hour days with no overtime payment and driving approximately 200 miles per day. Mr. Hourigan lacked the freedom of choice in his position which is generally afforded to independent contractors nor was he compensated on a per job basis.

53.    Furthermore, Mr. Hourigan does not qualify as an independent contractor because he did not have "control over the manner in which work was performed." *Boyle v. Municipal Authority of Westmoreland County*, 796 A.2d 389 (Pa. Cmwlth. 2002). Additionally, Mr. Hourigan was required to answer and attend all calls at the direction of his supervisor. *Id.*

54.    As a direct and proximate result of the aforementioned conduct, Mr. Hourigan suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, Mr. Hourigan, respectfully requests this Honorable Court enter judgment in his favor and against Defendant, Save Your Day Roadside Rescue, LLC and Defendant, Ronald Hayes, and enter any and all wages due to Plaintiff, in excess of arbitration limits, as well as costs and attorney's fees and liquidated damages pursuant to the Pennsylvania Minimum Wage Act.

<u>**COUNT IV**</u>
**VIOLATION OF THE WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, *et seq.***

55.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

56.     Section 260.5(a) of the WPCL provides:

> Whenever an employer separates an employee from the payroll, or whenever an employee quits or resigns his employment, the ***wages or compensation earned shall become due and payable*** not later than the next regular payday of his employer on which such wages would otherwise be due and payable.

43 P.S. §260.5(a) (emphasis added).

57.     Wages include "all earnings of an employee, regardless of whether determined on time, task, piece, commission, or other method of calculation.  The term "wages" also includes fringe benefits or wage supplements…" 43 P.S. §260.2(a).

58.     Defendants is an "employer" as defined by 43 P.S. §260.2a.

59.     Plaintiff are "employees" under the Pennsylvania WPCL, 43 P.S. §260.1 *et seq.* Although, "employee" is not explicitly defined within the WPCL, Pennsylvania courts have interpreted the term liberally to cover "those who work in Pennsylvania…" *Frank Burns, Inc. v. Interdigital Communs. Corp*, 704 A.2d 678, 680-81 (Pa Super. 1997) (citing *Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995)).

60.     Upon information and belief, Defendants willfully and intentionally mischaracterized Mr. Hourigan's employment status as independent contractor rather than employee in order to avoid compensating him at a lawful pay rate for overtime hours worked.

61.     State and federal courts within the Commonwealth of Pennsylvania consider numerous factors in determining whether an individual is an independent contractor, including but not limited to:

> the control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time.

*Est. of Accurso v. Infra-Red Services, Inc.*, 805 Fed. Appx. 95, 100 (3d Cir. 2020) (unpublished) (citing to *Morin v. Brassington*, 871 A.2d 844, 849–50 (Pa. Super. Ct. 2005); *Lynch v. Workmen's Comp. Appeal Bd. (Connellsville Area Sch. Dist.)*, 554 A.2d 159, 160 (1989)).

62.     In addition to considering the unique facts and circumstances of each case coupled with the abovementioned factors, it is well-established that "the 'paramount' factor is the right to control the manner in which the work is accomplished." *Id*.; see also, *Universal Am–Can, Ltd. v. Workers' Comp. Appeal Bd.*, 762 A.2d 328, 333 (2000).

63.     Mr. Hourigan was effectively without the right to control his employment as he was required to answer and attend all calls regardless of time or distance from his home. Additionally, Mr. Hourigan was subjected to working conditions that included 18-hour days with no overtime payment and driving about 200 miles per day. Further, Mr. Hourigan did not have the freedom of choice in his position which is generally afforded to independent contractors nor was he compensated on a per job basis.

64.     Furthermore, Mr. Hourigan does not qualify as an independent contractor because he did not have "control over the manner in which work was performed." *Boyle v. Municipal Authority of Westmoreland County*, 796 A.2d 389 (Pa. Cmwlth. 2002). Additionally, Mr. Hourigan was required to answer and attend all calls at the direction of his supervisor. *Id.*

65.     As a result of Mr. Hourigan's improper classification as an independent contractor, and not an employee under the WPCL, Mr. Hourigan was not compensated for overtime wages even though he worked an average of 18 hours per day.

66.     Under the WPCL, an employer who withholds wages in bad faith warrants imposition of liquidated damages in "an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 43 P.S. § 260.10; see also, *Bansept v. G & M Automotive*, 434 F.Supp.3d 253, 260 (E.D. Pa. 2020); *Andrews v. Cross Atl. Capital Partners, Inc.*, 158 A.3d 123, 136 (Pa. Super. Ct. 2017).

67.     For the entirety of his employment with Defendants, Mr. Hourigan was unlawfully denied payment for overtime hours.

68.     By willfully refusing to pay Mr. Hourigan the proper wages he is owed, Defendants violated 43 P.S. §260.5(a) of the WPCL.

69.     As a direct and proximate result of the aforementioned conduct, Mr. Hourigan suffered actual damages, including, but not limited to, lost wages, emotional distress all in the past present and future.

WHEREFORE, Plaintiff, Mr. Hourigan, respectfully requests this Honorable Court enter judgment in his favor and against Defendant, Save Your Day Roadside Rescue, LLC and Defendant, Ronald Hayes, and enter any and all wages due to Plaintiff, in excess of arbitration limits, as well as costs and attorney's fees and liquidated damages pursuant to 43 P.S. §260.9 of the Wage Payment and Collection Law.

**PLAINTIFF RESPECTFULLY DEMANDS A JURY ON ALL MATTERS SO TRIABLE.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: November 12, 2021                    By: _____
                                                    Joshua P. Ward (Pa. I.D. No. 320347)
                                                    Kyle H. Steenland (Pa. I.D. No. 327786)

                                                    J.P. Ward & Associates, LLC
                                                    The Rubicon Building
                                                    201 South Highland Avenue
                                                    Suite 201
                                                    Pittsburgh, PA 15206

                                                    Counsel for Plaintiff